IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JEANNETTE A. OTERO-GARCIA, et al | * |
| Plaintiff | * |
| v. | *   Civil No. 06-1200 (SEC) |
| COMMONWEALTH OF PUERTO RICO, et al | * |
| Defendants | * |

**OPINION AND ORDER**

Pending before the Court is Plaintiff's Motion for Reconsideration pursuant to Fed. R Civ. 59 (Docket # 39), which Defendants opposed (Docket # 40). After reviewing the filings and the applicable law, Plaintiff's motion will be **DENIED**.

A more detailed background of this case may be found in our previous Opinion and Order at Docket # 37. At this point, it suffices to say that Plaintiff avers that the Court's judgment dismissing all of her claims should be set aside because the cases relied by the Court are inapplicable. We first note that Plaintiff's motion argues that the facts present in Alfonso-Morales v. Commonwealth of P.R., Civil Case No. 06-1906 (CCC) are distinguishable to those present in this case. However, a citation to said case is nowhere to be found in the Court's previous Opinion and Order. In said opinion, we commented on Counsel for Plaintiff's lack of review of the relevant law prior to filing a complaint with the Court, thus immersing the Court and the adverse party in an unwarranted litigation. See, Docket # 37. It is apparent that Plaintiff's second turn at bat will not be any different.

The gist of Plaintiff's motion is that the Court dismissed her federal claims against the individual co-defendants (Plaintiff's superiors at La Guardia Nacional)[1] relying on the Feres

---

[1] Plaintiff does not contend that the Court should alter its judgment as to the following determinations: (1) dismissal of the claims under HIPAA and Privacy Act claims because they do not create a private cause of action; (2) dismissal of the Section 1983 claims against the Commonwealth of Puerto Rico pursuant to

**Civil Case No. 06-1200(SEC)** 2

doctrine, which she argues is inapplicable because her position was civil and not military in nature. See, Docket # 239, at p. 5 ("Plaintiff was a federal employee, a **civilian** employee of the military, **she was not an uniformed member of the military**; her pay grade was GS-11, her position title was Force Integration Readiness Analyst.")(our emphasis). In support of that contention, she attached a notification of personnel action from the Office of Personnel Management as an exhibit to the instant motion. Said notification was with regard to Plaintiff's termination. However, upon review of said exhibit, the Court notes, as Defendants correctly posit, that below the caption titled **"Remarks"**, it is stated "Reasons for termination: Loss of military membership." See, Docket # 39, Exh. 1.

As we stated in our previous Opinion and Order, when faced with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction, the plaintiff has the burden to demonstrate that such jurisdiction exists. See, Lord v. Casco Bay Weekly, Inc., 789 F. Supp. 32, 33 (D. Me. 1992); see also, SURCCO V. PRASA, 157 F. Supp. 2d 160, 163 (D.P.R. 2001). We then concluded that

> [a] review of the record shows that Plaintiff's position in the PR National Guard was military in nature. See, Pedro Berríos-Bermúdez, Master Sergeant's Unsworn Statement(stating that "Otero always exhibits an outstanding **military bearing** and excellent physical condition... [a]s a Warrant Officer... she did an outstanding job for the [PR National Guard]", Docket # 20, Exh. 10, p. 1(our emphasis); José A. Rodríguez, PR National Guard's Colonel's unsworn statement (stating that "I was called in numerous occasions regarding the discharge of [Chief Warrant Officer 2] Janet Otero from her **permanent and military duties**."), Docket # 20, Exh. 7.(our emphasis).

Upon the Court's determination that Plaintiff's employment was military, and appearing from the record that Defendants' averred reason to dismiss her was that she was unfit for duty, it concluded that her claims for political discrimination could not proceed because the Court had no jurisdiction to second-guess personnel decisions within the military, as held by the Feres doctrine and its progeny. See, Docket # 37, at pp. 9-15.

---

Eleventh Amendment Immunity; and (3) dismissal of Title VII claims due to its inapplicability to the facts of this case. See, Docket # 37. Therefore, we only address the issue of the applicability of the Feres doctrine to this case.

**Civil No. 06-1200(SEC)** 3

---

Not only has Plaintiff failed to put forth new evidence that would contradict the Court's determinations in the Court's Opinion and Order, but the evidence filed with her motion further support the proposition that her position was military in nature. See, Docket # 39, Exh. 1 (stating that the reasons to terminate her was her "loss of military membership.")

Under F. R. Civ. P. 59(e), a party may ask the court "to amend its judgment based on newly discovered material evidence or because the Court committed a manifest error of law or fact." Colón v. Fraticelli, 181 F. Supp. 2d 48, 50 (D.P.R. 2002) (citing Aybar v. Crispin-Reyes, 118 F.3d 10, 16 (1st Cir. 1997)). Because Plaintiff failed to convince us that either of these circumstances is present here, Plaintiff's motion will be **DENIED.**

**SO ORDERED.**

In San Juan, Puerto Rico, this 4th day of October, 2007.

S/ *Salvador E. Casellas*
SALVADOR E. CASELLAS
S/U.S. *Salvador E. Casellas*